UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE<br>c/o Mark S. Zaid, P.C.<br>1250 Connecticut Avenue, N.W.<br>Suite 700<br>Washington, D.C. 20036<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE WASHINGTON POST<br>1301 K Street, NW<br>Washington, D.C. 20071<br><br>　　　　Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*　Civil Action No. 19-477<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## COMPLAINT

This is an action in tort brought by the plaintiff, John Doe, against the defendant, The Washington Post, for false and inaccurate information that the defendant published regarding the plaintiff and the reason for the cessation of his employment with a particular employer. The plaintiff is alleging torts of defamation and false light.

## JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are diverse in citizenship and residence, and the amount in controversy exceeds $75,000.

## VENUE

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the District of Columbia.

## PARTIES

3. Plaintiff, John Doe ("Doe"), is a U.S. citizen and a resident of the Commonwealth of Virginia.

4. The Defendant, The Washington Post ("WAPO"), is a major American daily newspaper, published in Washington, D.C.

## FACTS

5. This action seeks to secure a simple and straightforward set of remedies: monetary and injunctive relief for false and inaccurate information regarding which WAPO published within the last year regarding Doe. For reasons of privacy, as well as to minimize further republication of the underlying false and inaccurate information, the identity of Doe is being withheld at this time. However, WAPO is aware of Doe's identity, as undersigned counsel (on behalf of Doe) have previously and consistently been in discussions with WAPO regarding the issuance of a formal correction to address the false information previously published.

6. Within the last year, Doe was working for a particular employer ("Employer A") in the District of Columbia. In or around the time that Doe's employment with Employer A was ended, WAPO published an article in which it made false and inaccurate statements of fact regarding the reasons why Doe's employment was ended. These false and inaccurate statements of fact implicate employment suitability factors that would be taken into consideration by future employers.

7. Undersigned counsel secured official confirmation from Employer A that the statements of fact outlined by WAPO in its article with respect to Doe were not accurate. Undersigned counsel informed WAPO of that fact and requested the issuance of a correction. To date, no determination has been made by WAPO regarding whether to issue a correction.

8. The publication of the article by WAPO (which remains publicly accessible online) with false and inaccurate statements of fact regarding Doe has significantly and substantially impaired his ability to secure new employment. Doe has lost out on one, if not multiple, offers of employment within the last year due to the existence of these false and inaccurate statements of fact in public media fora.

### FIRST CAUSE OF ACTION
### (DEFAMATION)

9. Doe repeats and realleges paragraphs 5 through 8 above, inclusive.

10. Defendant WAPO published false, inaccurate and defamatory statements of fact regarding Doe.

11. Defendant WAPO was, at a minimum, negligent in the original publication of the false, inaccurate and defamatory statements of fact regarding Doe. Defendant WAPO's fault has increased since being notified that the statements of fact were false and inaccurate given that it has not, to date, issued a correction addressing the information.

12. The publication and continued public accessibility of the false, inaccurate and defamatory statements of fact has caused and is reasonably likely to continue to cause Doe specific and quantifiable harm in the form of lost job opportunities. The false statements of fact inaccurately describe the circumstances of the end of Doe's employment with Employer A and have injured his professional reputation and perceived suitability for future employment.

### SECOND CAUSE OF ACTION
### (FALSE LIGHT)

13. Doe repeats and realleges paragraphs 5 through 8 above, inclusive.

14. Defendant WAPO published false, inaccurate and defamatory statements of fact regarding Doe.

15. The statements of fact published by WAPO place Doe in a false light that would be offensive to a reasonable person, as they inaccurately describe the circumstances of the end of Doe's employment with Employer A, including Doe's perceived suitability for future employment. The actions by Defendant WAPO have exposed Doe to unnecessary and inaccurate public attention regarding the circumstances surrounding the end of his employment with Employer A.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff John Doe respectfully requests that this Honorable Court:

1. Enter a declaratory judgment in favor of the Plaintiff declaring that the Defendant's actions were defamatory and paint the Plaintiff in a false light;

2. Order the Defendant to issue a formal correction outlining specifically how its original statements of fact were not correct;

3. Award the Plaintiff monetary damages to be determined at trial but which shall be no less than $100,000;

4. Award the Plaintiff the costs of the action and reasonable attorney fees under the Equal Access to Justice Act or any other applicable law;

5. grant such other relief as the Court may deem just and proper.

Date: February 25, 2019

Respectfully submitted,

_____/s/_____
Mark S. Zaid
D.C. Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, DC 20036
(202) 454-2809
(202) 330-5610 fax
Mark@MarkZaid.com

Attorneys for Plaintiff