**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOHN DOE,

Plaintiff,

v.

THE WASHINGTON POST,

Defendant.

Civil Action No. 19-477

Chief Judge Beryl A. Howell

**MEMORANDUM AND ORDER**

The plaintiff in this action, John Doe, alleges torts of defamation and false light "for false and inaccurate information that the defendant [*The Washington Post*] published regarding [him] and the reason for the cessation of his employment with a particular employer." Compl. at 1, ECF No. 1. The plaintiff has moved to proceed under a pseudonym and to file using his counsel's address rather than his own. *See* Pl.'s Mot. Proceed Under Pseudonym ("Pl.'s Mot.") at 1, ECF No. 2. For the reasons set forth below, the Court denies both motions.[1]

## I. BACKGROUND

The plaintiff files suit against *The Washington Post* seeking "monetary and injunctive relief for false and inaccurate information regarding which [the defendant] published within the last year." Compl. ¶ 5. The plaintiff claims that the defendant "published an article in which it made false and inaccurate statements of fact regarding the reasons why [plaintiff's] employment [at an unidentified employer] was ended." *Id.* ¶ 6. "These false and inaccurate statements of fact," the plaintiff alleges, "implicate employment suitability factors that would

[1] Under Local Civil Rule 40.7(f), the Chief Judge "shall . . . hear and determine . . . motions to file a pseudonymous complaint." LCvR 40.7(f).

be taken into consideration by future employers." *Id.* The plaintiff seeks to file his Complaint under a pseudonym because "the false and inaccurate statements of fact at issue in this action are unequivocally of a personal nature in that they concern individual-specific factors regarding [his] perceived employment suitability." Pl.'s Mot. at 2. His request to use his counsel's address rather than his own is made to ensure that he remains anonymous. *See* Declaration of Bradley P. Moss, Esq., ("Moss Decl.") ¶5, Ex.1, ECF No. 2-1 ("To require listing [plaintiff's] true residential address would, in and of itself, undo the entire purpose of maintaining [plaintiff's] anonymity.").

## II. LEGAL STANDARD

Generally, a complaint must state the names of the parties. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days [of] filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The public's interest "in knowing the names of [ ] litigants" is critical because "disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.") (footnotes omitted). Nevertheless, courts have, in special circumstances, permitted a party "to proceed anonymously" when a court determines "the impact of the plaintiff's anonymity" outweighs

"the public interest in open proceedings" and considers the "fairness to the defendant." *Nat'l Ass'n of Waterfront Emp'rs v. Chao* ("*Chao*"), 587 F. Supp. 2d 90, 99 (D.D.C. 2008) (RMC).

In the past, when balancing these two general factors, two different but analogous tests have been applied in this circuit. The first test consists of the six factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980):

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the document prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced.

*Doe v. CFPB* ("*Doe I*"), No. 15-1177 (RDM), 2015 WL 6317031, at *2 (D.D.C. Oct. 16, 2015). In other cases, a "five-part test to balance the concerns of plaintiffs seeking anonymity with those of defendants and the public interest" has been applied. *Eley v. District of Columbia*, No. 16-806 (GMH), 2016 WL 6267951, at *1 (D.D.C. Oct. 25, 2016). These factors, drawn from *Chao*, include the following:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe v. Teti*, Misc. No. 15-01380 (RWR), 2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015); *see also Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (TSC); *Doe v. U.S. Dep't of State*, Civil No. 15-01971 (RWR), 2015 WL 9647660, at *2 (D.D.C. Nov. 3, 2015); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) (RBW).

The *Chao* and *Hubbard* factors weigh the same two general concerns. *Doe Co. No. 1 v. CFPB* ("*Doe II*"), 195 F. Supp. 3d 9, 15–16 (D.D.C. 2016) (RDM). Specifically, these

concerns are: (1) the "[s]trength of the [g]eneralized [p]roperty and [p]rivacy [i]nterests" involved and "the possibility of prejudice" to those opposing disclosure, *Hubbard*, 650 F.2d at 320–21; and (2) whether the "justification" for nondisclosure "is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature," *Teti*, 2015 WL 6689862, at *2. Thus, in *Doe II*, the Court determined that

> the question before the Court is not best answered with a rigid, multi-part test but with an assessment of whether the non-speculative privacy interests that the movants have identified outweigh the public's substantial interest in knowing the identities of [the] parties in litigation, along with any legitimate interest that the non-moving parties[] . . . may have in revealing the identity of the movants.

*Doe II*, 195 F. Supp. 3d at 17.

This balancing inquiry accords with the D.C. Circuit's test for whether a district court should exercise its discretion to permit an exception from Federal Rule of Civil Procedure 10(a). The Circuit has acknowledged the district court's discretion "to grant the 'rare dispensation' of anonymity" to litigating parties under certain limited circumstances, provided the court has "inquire[d] into the circumstances of particular cases to determine whether the dispensation is warranted." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). In exercising this discretion, the D.C. Circuit has required the court to "take into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (internal citations and quotation marks omitted).

Thus, whichever test applies, the same general balancing inquiry is at issue: "whether the non-speculative privacy interests that the movants have identified outweigh the public's substantial interest in knowing the identities of [the] parties in litigation, along with any legitimate interest that the non-moving parties[] . . . may have in revealing the identity of the

movants." *Doe II*, 195 F. Supp. 3d at 17; *see also Chao*, 587 F. Supp. 2d at 99 (assessing whether "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings and [considering the] fairness to the defendant").

**III. DISCUSSION**

At this stage of the litigation, this Court is not persuaded that the plaintiff has met his burden of showing that his privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation. The plaintiff's motion and attached declaration are utterly devoid of detail as to the allegedly false and inaccurate statements at issue and how such statements implicate the plaintiff's privacy in a matter of a sensitive and highly personal nature. Rather, the plaintiff repeats conclusory allegations, unmoored to facts, that "the false and inaccurate statements of fact at issue in this action are unequivocally of a personal nature in that they concern individual-specific factors regarding [his] perceived employment suitability," Pl.'s Mot. at 2, and that "the underlying factual information at issue implicates future federal employment opportunities of [plaintiff] and is of a personal and sensitive nature," Moss Decl. ¶ 3. Without ever stopping to educate the Court on what is at stake, the plaintiff jumps ahead to assert that "[s]hould [plaintiff's] identity be revealed, it would further perpetuate the association of his name with the underlying false statements of fact and risk undermining the effectiveness of any favorable ruling." *Id.* ¶ 5.

By refusing to share the specific statements at issue and how they relate to the plaintiff's future employment opportunities, the Court is left with no way of determining whether the plaintiff has demonstrated that anonymity is necessary to "preserve privacy in a matter of a sensitive and highly personal nature," *Teti*, 2015 WL 6689862, at *2, or whether any ambiguous fears of reputational harm and the loss of economic prospects are more akin to

a mere desire "to avoid the annoyance and criticism that may attend any litigation." *Id.* Although the plaintiff argues that the "continued existence of . . . false and inaccurate information in publicly available media fora has already resulted in [him] losing at least one offer of employment," Moss Decl. ¶ 3, such statements, without any underlying factual basis, do not meet the plaintiff's burden to demonstrate his need to proceed anonymously. *See Doe II*, 195 F. Supp. 3d at 22; *Teti*, 2015 WL 6689862, at *3 (plaintiff's "bare assertion . . . does not offer any way for a court to substantively evaluate the nature and extent of the potential reputational harms that he asserts").

As for the second *Chao* factor, even assuming that the plaintiff had provided sufficient information concerning the reputational or economic harm he fears, he does not allege that he fears retaliatory *physical* or *mental* harm to himself or to others. The infirmities with the plaintiff's arguments regarding economic harm have already been addressed above, but it bears repeating that, as the second *Chao* factor suggests, the "rare dispensation" of allowing parties to proceed pseudonymously generally demands a "critical" case. *James*, 6 F.3d at 238. The third *Chao* factor, concerning the ages of the persons whose privacy interests are sought to be protected, appears to be of limited relevance to this motion because the plaintiff is proceeding solely on his own behalf rather than on behalf of minor children. *See Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 153 (D.D.C. 2011).

The fourth and fifth *Chao* factors ask whether the action is against a governmental or private party and for an analysis of the risk of unfairness to the opposing party in allowing an action to proceed against it anonymously. The plaintiff alleges that the defendant is already aware of his identity and thus will suffer no prejudice from his use of a pseudonym, *see* Pl.'s Mot. at 2; Moss Decl. at ¶ 4. Allowing the plaintiff to proceed pseudonymously thus would

not compromise the defendants' ability to defend this action and poses little "risk of unfairness to the opposing party." *Chao*, 587 F. Supp. 2d at 99. The fourth and fifth *Chao* factors, then, weigh in the plaintiff's favor.

In sum, however, the plaintiff's wholly conclusory fears of reputational and economic injury do not outweigh the public's substantial and presumptive interest in disclosure. Although this Court has analyzed the motion under the *Chao* factors, the result would be no different under the *Hubbard* analysis. As previously noted, the same general balancing inquiry is at issue in both tests: "whether the non-speculative privacy interests that the movants have identified outweigh the public's substantial interest in knowing the identities of [the] parties in litigation, along with any legitimate interest that the non-moving parties[] . . . may have in revealing the identity of the movants." *Doe II*, 195 F. Supp. 3d at 17. The plaintiff has failed to meet the "heavy burden" of establishing that his privacy interests outweigh the public's interest in knowing his identity. *See id.*

In light of this conclusion, the Court also denies the plaintiff's motion to use his counsel's address rather than his own in violation of LCvR 5.1(c). *See* Pl.'s Mot. at 1–2. In general, the "first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant." LCvR 5.1(c). The same *Chao* and *Hubbard* factors apply to an analysis of whether a party should be permitted to file his address under seal. Having already concluded that the plaintiff has failed to establish that his privacy interests outweigh the public's interest in knowing his identity, the Court easily denies the corresponding motion to violate LCvR 5.1(c).

The Court suspects that the paucity of information in the plaintiff's filings results from his choice to proceed via electronic filing, despite the directions in LCvR 5.1(h) concerning the procedures for filing sealed or confidential documents. Should the plaintiff wish to file a new motion to proceed under a pseudonym or to use his counsel's address, he is directed to provide sufficient factual detail to support such motion under the *Chao* or *Hubbard* factors, which details may be filed confidentially, in paper form, in accordance with LCvR 5.1(h).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Proceed Under Pseudonym is **DENIED**; and it is further

**ORDERED** that the plaintiff's Motion to Use Counsel's Address in Violation of LCvR 5.1(c) is **DENIED**.

**SO ORDERED.**

Date: February 26, 2019

BERYL A. HOWELL
Chief Judge